Dear Mr. Lowe:
You requested an opinion as a member of the Bayou D'Arbonne Lake Watershed District Commission, which was created and established by LSA-R.S. 38:2551. In your letter you asked the following:
 (A) If a judgment is rendered in a case where a plaintiff alleges negligence by a lake commission, can the members be held liable for satisfying the judgment?
 (B) Are all actions taken by a lake commission considered to be an act of the State of Louisiana, based upon the fact that the commission is established by an act of the legislature?
In response to your first question, the Bayou D'Arbonne Lake Watershed District Commission is a political subdivision of the State of Louisiana. See LSA-R.S. 38:2552. The limitations of liability of members of boards, commissions, or authorities of political subdivisions are found in Title 9 of the Revised Statutes. Section 2792.4(A) thereof defines a member of a board, commission or authority of a political subdivision and section 2792.4(B) provides as follows:
 A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall *Page 2 
not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.
A review of this statute with respect to limitations of liability of members of commissions indicates that the members of the Bayou D'Arbonne Lake Watershed Commission would not be subject to personal or individual liability for acts of negligence regarding decisions made in the line of duty while serving on the commission.
Therefore, it is the opinion of this office that inasmuch as the commission is a political subdivision of the State of Louisiana, individual commissioners have no personal liability to any third party for damages occasioned by acts or omissions which fall within the scope of the powers and duties conferred upon them as commissioners or members of the D'Arbonne Lake Watershed Commission, unless said damages were caused by willful or wanton misconduct.
In response to your second question, the purpose, powers and rights of the D'Arbonne Lake Watershed District Commission are set forth in LSA-R.S. 38:2551 through 38:2572. LSA-R.S.38:2553 provides in pertinent part:
 The Bayou Lake Watershed District shall constitute a body corporate in law, with all the powers and rights of a political subdivision of the state as provided by the laws of the state relating to the incurring of debt and the issuing of bonds thereof. . . .
 This district, through its board of commissioners, may do and perform any and all acts in its corporate capacity and in its corporate name which are necessary and proper *Page 3 
for carrying out the purposes and object for which it is created. . . .
Although the commission was created and established by the legislature, there is no language in the statutes to indicate that actions of the commission are acts of the State of Louisiana. Additionally, LSA-R.S. 42:1441 provides that the State of Louisiana shall not be liable for any damage caused by a public officer of a political subdivision within the course and scope of his official duties or damage caused by an employee of a public officer of a political subdivision. Considering the above, it is the opinion of this office that actions by the D'Arbonne Lake Watershed District Commission are not acts of the State of Louisiana, but are actions of a political subdivision of the State having the power to sue and be sued.
It is hoped that this opinion is of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
 Richard P. Ieyoub Attorney General
 By: Houston Penn
Section Chief General Liability
HP:cm *Page 1 
OPINION NUMBER 96-447
January 07, 1997
 90-A Political Subdivisions — Officers, Agents Employees 57-A Juveniles LSA-R.S. 9:2792.4 LSA-R.S. 13:5101 5102
The Renaissance Home for Youth is not considered a "political Mr. Ralph W. Kennedy subdivision" and thus does not have 1215 Texas Avenue immunity from liability as do other Alexandria, Louisiana 71301 "political subdivisions".